# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1277V

| | |
|---|---|
| MEGI KOLA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 16, 2024 |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA,* for Petitioner.

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On September 13, 2022, Megi Kola filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a meningococcal A, C, Y, and W-135; Meningococcal B; and/or influenza vaccine administered on December 14, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 14, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On December 15, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,017.86 (comprised of $45,000.00 for pain and suffering and $17.86 for past unreimbursable

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

expenses). Proffer at 1-2. The proffer also states that Petitioner shall be awarded $3,406.92 to satisfy a Commonwealth of Massachusetts Medicaid lien. *Id.* at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner :**

1. **A lump sum payment of $45,017.86 in the form of a check payable to Petitioner (comprised of $45,000.00 for pain and suffering, and $17.86 for past unreimbursable expenses); and**

2. **A lump sum payment of $3,406.92, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to Petitioner[3] and**:

   **Commonwealth of Massachusetts - EOHHS**
   **Casualty Recovery**
   **P.O. Box 417811**
   **Boston, MA 02241-7811**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Petitioner agrees to endorse the check to Commonwealth of Massachusetts – EOHHS for satisfaction of the Medicaid lien.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MEGI KOLA,  Petitioner,  v.  SECRETARY OF HEALTH AND HUMAN SERVICES,  Respondent. | No. 22-1277V  Chief Special Master Corcoran  ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 13, 2022, Megi Kola ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of "Meningococcal A, C, Y and W-135 ('Menactra'), Meningococcal B ('Bexero'), and/or the influenza vaccine(s)" she received on December 14, 2020. Petition at 1. On December 4, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on December 14, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 33; ECF No. 36.

### I.  Items of Compensation

#### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $45,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Massachusetts Medicaid lien in the amount of **$3,406.92**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about December 14, 2020, under Title XIX of the Social Security Act. Petitioner agrees.

C. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $17.86. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **<u>Form of the Award</u>**

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

A. A lump sum payment of **$45,017.86** in the form of a check payable to petitioner; and

B. A lump sum payment of **$3,406.92**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

> Commonwealth of Massachusetts - EOHHS
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811

Petitioner agrees to endorse the check to Commonwealth of Massachusetts - EOHHS for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ *Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098
Camille.M.Collett@usdoj.gov

Date: February 15, 2024